**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-24 (JRT/SER) |
| Plaintiff-Respondent, | |
| v. | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| JUAN CARLOS FIGUEROA-ALVARADO, | |
| Defendant-Petitioner. | |

Juan Carlos Figueroa-Alvarado, #15625-041, Federal Correctional Institution, McDowell, P. O. Box 1009, Welch, WV 24801, *pro se*.

Amber M. Brennan, Assistant United States Attorney **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Juan Carlos Figueroa-Alvarado has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Figueroa-Alvarado's primary contention is that he received ineffective assistance of counsel because his attorney did not argue for a downward departure on the basis of a "fast-track" program or for a downward variance on the basis of sentencing disparities created by some districts' adoption of such programs. Because the Court determines that Figueroa-Alvarado's attorney did not perform deficiently, the Court will deny his petition.

## BACKGROUND

On April 5, 2011, Figueroa-Alvarado pled guilty to one count of unlawful reentry after removal in violation of 8 U.S.C. §§ 1326(a) & (b)(2). (Indictment, Jan. 19, 2011, Docket No. 6; Tr. of Plea Hearing at 18, Apr. 5, 2011, Docket No. 28.) At sentencing, the Court found that Figueroa-Alvarado's total offense level was twenty-one and his criminal history category was six, resulting in an advisory guideline range of seventy-seven to ninety-six months. (Tr. of Sentencing at 5, Sept. 13, 2011, Docket No. 29.)

Prior to sentencing, Figueroa-Alvarado urged his counsel to "seek an early disposition of the complaint, under the Fast Track Program." (Mem. in Supp. at 5, Dec. 10, 2012, Docket No. 36). Fast-track programs are intended to help federal districts manage the sometimes high volume of immigration related cases. *See United States v. Jimenez-Perez*, 659 F.3d 704, 706 (8th Cir. 2011). The programs, where enacted, permit more lenient sentences in exchange for the defendant's indictment guilty plea and surrender of certain appellate rights. *United States v. Alvarez-Quiroz*, Crim. No. 06-310, 2012 WL 2003501, at *1 (D. Minn. June 5, 2012). The District of Minnesota did not have a fast-track program at the time of Figueroa-Alvarado's sentencing. *See United States v. Longarica*, 699 F.3d 1010, 1012 n.2 (8th Cir. 2012) (noting implementation of a non-retroactive fast-track program on March 1, 2012). Thus, in response to Figueroa-Alvarado's request, counsel informed him that there was no fast-track program in the District of Minnesota, (Decl. in Supp. ¶¶ 7-10, Dec. 10, 2012, Docket No. 37).

Figueroa-Alvarado appears to state that he also urged his counsel to argue at sentencing for a lesser sentence due to disparities that are created by some districts'

adopting fast-track programs and others not doing so. (*See* Mem. in Supp. at 5; Decl. in Supp. ¶ 11; Mot. at 6, Dec. 10, 2012, Docket No. 35.) Neither counsel, Figueroa-Alvarado, nor counsel for the United States made any reference to fast-track programs at the sentencing hearing.

Although he did not make any arguments relating to fast-track programs, Figueroa-Alvarado's attorney argued that a sentence below the guideline range of seventy-seven to ninety-six months was justified for multiple reasons. Counsel stressed that the criminal history category of six overstated the severity of Figueroa-Alvarado's criminal background. (Tr. of Sentencing at 5-9.) Counsel also focused on unique aspects of Figueroa-Alvarado's upbringing and family situation, the circumstances surrounding Figueroa-Alvarado's reentry to the United States, and Figueroa-Alvarado's low risk of recidivism. (*Id.* at 14-21.)

The Court found, as counsel had argued, that Figueroa-Alvarado's criminal history category was overstated and adjusted Figueroa-Alvarado's criminal history category to five. (*Id.* at 36-37.) The Court further determined that a downward variance was warranted and sentenced Figueroa-Alvarado to a term of imprisonment of fifty-two months, well below the initial advisory guideline range. (*Id.* at 37-38, 40.)

Figueroa-Alvarado appealed his sentence, and his counsel raised two arguments on appeal: (1) that the Court gave insufficient weight to mitigating characteristics; and (2) that the Court of Appeals should remand for resentencing in light of an intervening Eighth Circuit decision that addressed district courts' discretion to consider disparities created by fast-track programs at sentencing. *See United States v. Figueroa-Alvarado*,

485 F. App'x 152, 155 (8th Cir. 2012) (per curiam). The Eighth Circuit rejected both arguments and affirmed. *Id.*

Figueroa-Alvarado did not file a writ of certiorari with the Supreme Court. He claims that his counsel did not advise him that this was an option or inform him of the procedures for filing a petition for certiorari. (Mot. at 7.)

## ANALYSIS

Section 2255 allows a federal prisoner limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel brought under § 2255 are evaluated under the framework established in *Strickland v. Washington*, 466 U.S. 669 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). To prevail Figueroa-Alvarado must establish that counsel's performance was deficient and that he suffered prejudice as a result. *Id.* To establish deficient performance, Figueroa-Alvarado must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish prejudice, Figueroa-Alvarado "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Figueroa-Alvarado seems to make two separate arguments relating to the fast-track program. First, he contends that counsel performed deficiently by failing to seek a downward departure on the basis of a fast-track program. Yet counsel could not have obtained a departure on that basis because at the time of Figueroa-Alvarado's sentencing, no fast-track program was available in this District. *See Longarica*, 699 F.3d at 1012 n.2. Counsel did not perform deficiently by declining to make a meritless argument. *See Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991).

Second, Figueroa-Alvarado argues that counsel performed deficiently by failing to argue for a downward variance based on sentencing disparities from district to district created by some districts' adoption of fast-track programs. At the time of Figueroa-Alvarado's sentencing, however, such a variance would have contravened Eighth Circuit precedent. In *United States v. Sebastian*, the court concluded that the disparity that resulted from not all districts having fast-track programs "[wa]s not unwarranted" and represented a "policy decision." 436 F.3d 913, 916 (8th Cir. 2006) (abrogated by *Jimenez-Perez*, 659 F.3d at 710-11). Relying on *Sebastian*, the Eighth Circuit explicitly held that "variances based on the absence of fast-track programs are impermissible." *United States v. Gonzalez-Alvarado*, 477 F.3d 648, 651 (8th Cir. 2007) (abrogated on other grounds by *Gall v. United States*, 552 U.S. 38 (2007)). Counsel's decision not to make an argument inconsistent with then-existing circuit precedent was objectively reasonable. *See Thomas*, 951 F.2d at 904. Although the Eighth Circuit later recognized that district courts have authority to grant downward variances based on the absence of fast-track programs, *see Jimenez-Perez*, 659 F.3d at 711, counsel did not perform

deficiently by failing to anticipate that the Eighth Circuit would change its stance, *see Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999).

Even if *Jimenez-Perez* had been decided before Figueroa-Alvarado's sentencing, it would likely have been objectively reasonable for counsel to focus on other potential grounds for downward variances rather than advance the fast-track disparity argument. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct . . . might be considered sound trial strategy." (internal quotation marks omitted)). In fact, as noted above, counsel's arguments were quite successful.

The Court also finds that even if Figueroa-Alvarado could establish deficient performance for failure to raise the fast-track disparity issue, he has failed to demonstrate that he suffered prejudice. To establish prejudice, Figueroa-Alvarado would need to show a reasonable probability that he would have received a shorter sentence but for counsel's deficient performance. *See King v. United States*, 595 F.3d 844, 852-53 (8th Cir. 2010). At sentencing, however, the Court stated that it "considered a lighter sentence, but given the nature of the defendant's criminal history, the immigration history and repeat offenses . . . [it] did not feel that it would be a just sentence if the Court went beneath the [fifty-two] months that the Court has applied." (Tr. of Sentencing at 38.)[1] The Court finds that there is not a reasonable probability it would have imposed a lesser sentence even if counsel for Figueroa-Alvarado had raised the fast-track disparity issue.

---

[1] The Court misspoke at sentencing and referred to a sentence of fifty-four months, but clarified shortly thereafter that the sentence was fifty-two months. (Tr. of Sentencing at 40.)

Figueroa-Alvarado also claims that he received ineffective assistance of counsel because he was unaware of the possibility of filing a petition for certiorari with the Supreme Court of the United States. But the constitutional right to effective assistance of counsel extends only to a criminal defendant's first appeal. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Because no constitutional right to effective assistance of counsel existed after the conclusion of his first appeal, Figueroa-Alvarado cannot successfully claim that he received ineffective assistance of counsel at that stage. *Id.*

The Court will not hold an evidentiary hearing on this matter because the Court finds that "the motion and the files and records of the case conclusively show that [Figueroa-Alvarado] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) ("A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief.").

Finally, the Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000); *see also* 28 U.S.C. § 2253(c)(2). Here, although the parties did not discuss the issue, the Court finds that Figueroa-Alvarado would not be able to make the required showing because reasonable jurists would not disagree with the Court's resolution of Figueroa-Alvarado's constitutional claims. The Court therefore denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Figueroa-Alvarado's motion under 28 U.S.C. § 2255 [Docket No. 35] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Figueroa-Alvarado's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 3, 2013  
at Minneapolis, Minnesota.

                                             s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                              United States District Judge